{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1.
 {¶ 2} Defendant-appellant, Caroline Watson-Hall ("Caroline"), appeals the juvenile court's order of child support. Finding some merit to the appeal, we affirm in part, reverse in part, and remand.
 {¶ 3} In December 2000, Caroline and Darius Moss ("Darius") had a child together. Caroline and Darius did not live together and they never married. In March 2004, the parties entered into an agreed shared parenting plan, which provided that the child would principally reside with Caroline and that both parents would be designated as joint residential parents.
 {¶ 4} In September 2004, Caroline filed an emergency motion to modify the allocation of parental rights and responsibilities, a motion for shared parenting, and a motion to modify child support, in which she asserted that she could not obtain employment in Cleveland and intended to accept a job in Chicago.[1]
 {¶ 5} The matter proceeded to trial in November 2005, and the trial court terminated the shared parenting plan, designated Darius as the sole residential *Page 2 
and custodial parent, awarded Caroline limited visitation, and ordered her to pay child support in the amount of $891.17 per month ($873.70 plus 2% processing fee) effective January 1, 2006.
 {¶ 6} Caroline appealed to this court in In re D.M., Cuyahoga App. No. 87723, 2006-Ohio-6191. We affirmed that part of the trial court's order which designated Darius as the sole residential and custodial parent, but we reversed and remanded to the trial court as to the visitation schedule and the child support determination.
 {¶ 7} On remand, the trial court held a hearing on the issues of visitation and child support. At the hearing, the parties stipulated to a visitation schedule and stipulated to a monthly child support amount of $744.06, plus a 2% processing fee. The parties also stipulated that this amount was based on the statutory child support guidelines and was to be retroactive to January 1, 2006.
 {¶ 8} Caroline and Darius could not reach an agreement as to whether a deviation from the child support obligation should be granted because of Caroline's transportation expenses, so the court proceeded to trial on this issue only. The trial court issued a decision finding no reason to deviate from the stipulated, statutory guideline amount. The court ordered the parties to submit a judgment entry that set forth their stipulations and incorporated the court's decision on the issue of deviation of child support. *Page 3 
 {¶ 9} Darius' attorney prepared the judgment entry to state that: "commencing January 1, 2006, Defendant-Mother [Caroline] shall pay Plaintiff-Father [Darius] child support for the minor child in the amount of Eight Hundred Ninety-One Dollars and Seventeen Cents($891.17) per month, which includes processing charge. Commencing October 22, 2007, Defendant-Mother shall pay Plaintiff-Father child support for the minor child in the amount of Seven Hundred Fifty-EightDollars and Ninety-Four Cents ($758.94) per month, which includes processing charge [$744.06 plus 2% processing fee]." (Emphasis in original.) The entry also stated that there would be no deviation from the statutory guideline amount of child support.
 {¶ 10} The proposed judgment entry also included a letter from Darius' attorney advising the court that Caroline's attorney would not consent to the entry because it did not accurately reflect the parties' stipulations. Caroline's attorney filed an objection to the proposed journal entry, advising the court that at the October 2007 hearing, the parties stipulated to a new child support amount of $744.06 per month, plus a 2% processing fee, retroactive to January 1, 2006. The court, however, adopted the proposed judgment entry as its order without modification to the child support obligation or the retroactive date.
 {¶ 11} It is from this decision that Caroline appeals, raising two assignments of error for our review. In the first assignment of error, she argues that the trial court erred in failing to incorporate all of the parties' stipulations *Page 4 
into the final judgment entry. She contends that the trial court erred by not ordering the $744.06 per month child support obligation retroactive to January 1, 2006. We agree.
 {¶ 12} In Ohio, a court speaks through its journal. State ex rel.Worcester v. Donnellon (1990), 49 Ohio St.3d 117, 551 N.E.2d 183. However, it is imperative that the court's journal reflect the truth. Id. The trial court in the Worcester case was asked to correct a journal entry so that it properly reflected the basis upon which a continuance was granted. After the trial court refused, Worcester asked the Ohio Supreme Court to issue a writ of mandamus directing the trial court to correct the entry. The supreme court held that: "[a]ll courts have a clear legal duty to have their journals reflect the truth" and "[a]ll litigants have a clear legal right to have the proceedings they are involved in correctly journalized." Id.
 {¶ 13} Furthermore, App. R. 9(E) provides that: "[i]f any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party * * * is misstated therein, * * * the court of appeals, on proper suggestion, or of its own initiative, may direct that the omission or misstatement be corrected * * *."
 {¶ 14} In the instant case, a review of the October 2007 trial transcript *Page 5 
clearly reveals that the parties stipulated to and agreed that Caroline's new child support obligation is $744.06 per month, plus a 2% processing fee. They also agreed that this amount would be retroactive to January 1, 2006.
 {¶ 15} In addition, the court stated at the hearing that it "will approve the agreement and make it the orders of the Court * * * the guideline amount of $744.06 plus 2 percent as in for child support effective January 1st, 2006." The trial court also stated that: "if there's any difference between the transcript, and the proposed judgment entry is in substantive terms, the transcript will prevail, and the proposed judgment entry will be modified to reflect the transcript." The court also stated in its decision regarding a deviation from child support that: "[t]he parties stipulate and agree that * * * the mother [Caroline] is obligated to pay the father [Darius] child support in the amount of $744.06 per month, plus 2% service fee."
 {¶ 16} However, the final judgment entry approved by the court states that: "Commencing October 22, 2007, Defendant-Mother shall pay Plaintiff-Father child support for the minor child in the amount ofSeven Hundred Fifty-Eight Dollars and Ninety-Four Cents ($758.94) per month, which includes processing charge [$744.06 plus 2% processing fee]." (Emphasis in original.)
 {¶ 17} Clearly, the judgment entry in the instant case does not reflect the truth, which is that Caroline's monthly child support obligation is $744.06 per *Page 6 
month, plus 2% processing fee, retroactive to January 1, 2006. Thus, we reverse and remand the matter to the trial court to journalize the correct monthly child support obligation and effective date.[2]
 {¶ 18} Accordingly, the first assignment of error is sustained.
 {¶ 19} In the second assignment of error, Caroline argues that the trial court erred when it failed to deviate from the statutory child support guidelines.
 Standard of Review {¶ 20} A trial court's decision regarding child support payments will not be reversed on appeal absent an abuse of discretion. Pauly v.Pauly, 80 Ohio St.3d 386, 390, 1997-Ohio-105, 686 N.E.2d 1108. An abuse of discretion is more than an error of law, it connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Moreover, as long as the trial court's decision is supported by some *Page 7 
competent, credible evidence going to all the essential elements of the case, we will not disturb it. Masitto v. Masitto (1986),22 Ohio St.3d 63, 66, 488 N.E.2d 857.
 Deviation from Child Support Obligation {¶ 21} R.C. 3119.22 provides that: "the court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, * * * if, after considering the factors * * * set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule * * * would be unjust or inappropriate and would not be in the best interest of the child."
 {¶ 22} Caroline notes that in our prior decision, In re D.M., we found that the trial court had failed to consider her transportation costs.[3] She believes that *Page 8 
a deviation in her child support obligation is appropriate because of the expenses she incurs in exercising her parenting time. *Page 9 
 {¶ 23} On remand, the court held a hearing on the sole issue of deviation. The trial court then issued a decision considering each factor under R.C. 3119.23. The court found that the travel expenses claimed by Caroline "were excessive and unreasonable." Caroline's "testimony did not corroborate the need or necessity for the amounts of such expenses as submitted through her exhibits * * *." The court further found that the need for incurring any such expenses was solely caused by Caroline's voluntary move to Chicago, "while knowing the same was a violation of the parties' Shared Parenting Plan." The court found the child support amount to be fair and in the best interest of the child and concluded that there was no reason or justification for deviating from the child support amount.
 {¶ 24} Given the thorough review of the factors by the trial court, we find that the trial court properly considered Caroline's transportation costs and did not abuse its discretion by finding that a deviation from the stipulated child support amount was not appropriate. We find competent, credible evidence to support the trial court's decision and, therefore, will not disturb the decision.
 {¶ 25} Accordingly, the second assignment of error is overruled.
 {¶ 26} Judgment is affirmed in part, reversed in part, and remanded for the trial court solely to correct the journal entry to reflect the monthly child support obligation of $744.06 per month, plus 2% processing fee, effective January 1, 2006.
It is ordered that appellant and appellee share the costs herein taxed. *Page 10 
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and KENNETH A. ROCCO, J., CONCUR
[1] Caroline moved to Chicago in October 2004.
[2] It is rather disingenuous for Darius to argue on appeal that the trial court "had the discretion to choose a more appropriate date" in light of Darius' submitting the proposed entry with the new date.
[3] She also notes that we found that: "the child support payments ordered by the trial court failed to reflect the decrease in expenses to the father [Darius] and/or increase in expenses to the mother [Caroline] during the mother's visitation periods." Id.
However, the parties complied with this mandate on remand by stipulating to a new child support obligation that reflects Darius' and Caroline's child care expenses and health care costs differential. *Page 1