OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Christine Winslow, appeals the decision of the Belmont County Court of Common Pleas, Juvenile Division, that granted permanent custody of her daughter, M.W., to the Belmont County Department of Job and Family Services. On appeal, Winslow argues that the trial court erred when it found that her child was dependent. However, Winslow did not file objections to the magistrate's decision in that proceeding, has not provided us with a transcript of the dependency hearing, and the evidence in the record supports the trial court's conclusion. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 2} M.W., born June 10, 2004, is the child of Christine and Ciejae Winslow. Winslow had previously had her parental rights to six other children terminated in Pennsylvania and West Virginia. On January 20, 2006, a complaint was filed with the Belmont County Juvenile Court, which alleged that the child was a dependent child pursuant to R.C. 2151.04(D). This complaint arose out of an incident involving a younger sibling who allegedly died from shaken baby syndrome. Soon thereafter, the Winslow's were arrested and charged with their child's death. They have been incarcerated since their arrest on those charges and their cases were pending while this case was before the trial court.
 {¶ 3} On January 20, 2006, the Winslows agreed that the child be placed in emergency shelter care and the trial court placed the child in the Agency's temporary custody. On April 12, 2006, the trial court held a hearing on the complaint. At the end of that hearing, it found that the child was a dependent child and placed the child in the Agency's temporary custody. Winslow did not appeal this adjudication and disposition.
 {¶ 4} The Agency moved for permanent custody of the child on September 20, 2006, and a hearing was held on that motion on August 9, 2007. On September 11, 2007, the trial court issued a judgment entry granting the Agency's motion for permanent custody. It is from this judgment that Winslow timely appeals.
 Dependency Finding *Page 2 {¶ 5} In her first assignment of error, Winslow argues:
 {¶ 6} "The decision of the juvenile court finding M.W. dependent pursuant to R.C. 2151.04 was against the manifest weight of the evidence and was not supported by clear and convincing evidence."
 {¶ 7} R.C. 2151.04 defines when a child is dependent. In relevant part, it states a child is dependent if both of the following apply:
 {¶ 8} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 9} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household." R.C. 2151.04(D).
 {¶ 10} The juvenile court must find by clear and convincing evidence that the child is dependent as defined by this statute. See R.C. 2151.35(A)(1); In re Pieper Children (1993), 85 Ohio App.3d 318, 326,619 N.E.2d 1059. Clear and convincing evidence is that which "produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368, 481 N.E.2d 613. We will affirm the trial court's judgment if there is some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.
 {¶ 11} Winslow argues that the Agency failed to prove either of these statutory subsections applies and, therefore, the child is not a dependent child. This argument is meritless for three reasons.
 {¶ 12} First, the issue of the child's dependency was first tried to a magistrate and Winslow did not object to the magistrate's conclusion that the child was a dependent child. A party who fails to specifically object to a finding of fact in a magistrate's decision *Page 3 
waives any error in that finding for purposes of appeal. Juv. R. 40(D)(3)(b)(iv); In re Alyssa C, 153 Ohio App.3d 10, 2003-Ohio-2673,790 N.E.2d 803, at ¶ 35.
 {¶ 13} Second, Winslow has failed to provide us with a transcript of the April 12, 2006, hearing which led to the original dependency adjudication. Whenever an appellant's assignments of error are based on the evidence produced at trial, the appellant must provide the appellate court with a record to review. State v. Budrovic (Oct. 31, 2001), 7th Dist. No. 00 CA 5. App. R. 9 specifies how a transcript of the evidence or some acceptable alternative must be filed. Winslow has failed to file either a transcript or an App. R. 9 alternative of that April 12th hearing.
 {¶ 14} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 15} "This court has previously explained the consequences of failing to provide a transcript of the proceedings when assigning error to evidentiary rulings. In J.F. Smith Plumbing Heating v.McNamara (Apr. 25, 1985), Mahoning App. No. 83CA17, unreported, we observed: `There has been no transcript of proceedings filed by the appellant in this case. All of the allegations of the appellant under his assignments of error deal with statements of the trial judge and evidence presented and cannot be reviewed by this court because of the lack of a record. It is the duty and obligation of the appellant to properly perfect his appeal. Appellant having failed to do so, by necessity, we must affirm the judgment of the trial court.' Since appellant has failed to provide this court with a transcript or an acceptable alternative, there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." DeCato v. Goughnour (2000), 136 Ohio App.3d 795, 799. *Page 4 
 {¶ 16} Finally, there is no merit to Winslow's argument since even the permanent custody hearing supports a conclusion that the child is a dependent child.
 {¶ 17} Winslow contends that the Agency failed to prove that R.C. 2151.04(D)(1) applies since there is no evidence that the child at issue in this case lived in the same household as any other abused, neglected, or dependent child. This argument is based on an incorrect interpretation of the statute.
 {¶ 18} Winslow assumes that a child can only be found dependent if either a sibling or any other child both lives in the same household and has been found to be abused, neglected, or dependent. However, "the statute does not require the sibling to currently reside in the household; rather, it requires that a parent or a household member who resides in the same household as a child whose status is at issue, previously committed an act that resulted in an adjudication of neglect, abuse, or dependency regarding a sibling of that child." In reS.M., 12th Dist. No. CA2006-08-030, 2007-Ohio-2297, at ¶ 17. To put it another way, the phrase "who resides in the household" only appears to modify "any other child" and not "a sibling of the child." Thus, Winslow's argument about the lack of evidence regarding R.C. 2151.04(D)(1) are meritless.
 {¶ 19} Winslow also argues that there is no credible evidence proving that the child was in danger of being abused or neglected if allowed to stay with her parents. However, witnesses testified that "[t]here had been a history of chronic neglect in the home," "concerns about sexual abuse" toward the child's siblings, and, of course, the death of the child's younger sibling. A caseworker said she had concerns about Winslow's ability to parent the child because there were "concerns about the lack of affection towards the end of the case between the parents at visitations." The guardian ad litem testified that he had concerns for the child's safety if she were put into Winslow's care. This testimony would all support a conclusion that the child is in danger of being abused or neglected if left with her parents.
 {¶ 20} In conclusion, Winslow challenges the finding that her child is dependent, but cannot do so now. She has waived this issue by not objecting to the magistrate's decision, has failed to file a transcript of the dependency hearing, and the record fully *Page 5 
supports a conclusion that the child is a dependent child. Thus, Winslow's first assignment of error is meritless.
 Specificity of Judgment {¶ 21} In her second assignment of error, Winslow argues:
 {¶ 22} "The juvenile court was not specific enough in its judgment entry."
 {¶ 23} More specifically, Winslow argues that the trial court's September 2007 judgment entry did not specifically address some of the factors a trial court must consider when making a dependency finding. However, that judgment entry was making a permanent custody determination, not a dependency determination. The judgment entry which did determine that the child was a dependent child was the trial court's April 2006 entry and that entry made all the necessary findings. The trial court did not need to make this determination a second time before granting permanent custody. Accordingly, the arguments in Winslow's second assignment of error are also meritless.
 Conclusion {¶ 24} Winslow's appeal is based on a challenge to the trial court's finding that her child was dependent. However, Winslow's arguments are meritless because she waived this issue by not objecting to the magistrate's decision, has not filed the necessary transcript to have us review that issue even if she had objected, and the record as it currently stands fully supports the trial court's judgment. For all of these reasons, the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1