[Cite as *White v. Davia*, 2012-Ohio-2820.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JOHN WHITE | ) | CASE NO. 11 HA 4 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WINDY DAVIA | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common Pleas, Juvenile Division, of Harrison County, Ohio
Case No. 20104007

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     John White, Pro se
211 East Main Street
Richmond, Ohio 43944

For Defendant-Appellant:     Atty. Mary Corabi
Corabi Law Office
424 Market Street
Steubenville, Ohio 43952

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 22, 2012

WAITE, P.J.

{¶1} Appellant Windy Davia appeals a judgment of the Harrison County Court of Common Pleas, Juvenile Division, overruling objections to a magistrate's decision regarding child support. Appellee John D. White filed a parentage complaint and the case was referred to a magistrate. The parties entered into an agreed order dealing with matters of parentage and visitation, but the question of child support was left to be decided by the Harrison County Child Support Enforcement Agency (HCCSEA) and the court. The magistrate awarded child support effective as of the date of the hearing. Appellant filed objections to the magistrate's hearing on the grounds that child support should have been awarded retroactive to the birth of the child. The court overruled the objections because Appellant had failed to file a transcript of the magistrate's hearing. Appellant filed a motion for reconsideration, which was denied, and this timely appeal followed.

{¶2} Appellant contends that she was not required to file a transcript with her objections under Civ.R. 53(D)(3)(b)(iii) because there were no factual matters being disputed regarding child support. She claims that her concern was the legal issue of whether the magistrate should have awarded child support from the date of the child's birth. Appellant is correct that retroactive child support may be issued in a parentage action if the requirements of R.C. 3111.13(F) are met. Nevertheless, retroactive child support is not automatic and is governed by the facts of the case. Without a transcript of the magistrate's hearing, the trial judge could not review the facts of the case. For this reason, the trial court was within its discretion to overrule

Appellant's objections and affirm the magistrate's decision based on the failure to file a transcript. The judgment of the trial court is affirmed.

## Background of the Case

{¶3} Appellee John White filed a parentage complaint on May 12, 2010 pursuant to R.C. 3111.04. The child in question was born on August 11, 2008. The complaint stated that Appellant was the mother, Appellee was the father, and that the parents and child resided together at Appellee's address. The complaint asked for parenting time and child support, and also requested the court to award Appellee the right to claim the child for income tax purposes. Appellant filed an answer denying that Appellee was the father. She requested genetic testing and asked for child support from the date of the child's birth.

{¶4} On November 10, 2010, the parties entered into an agreed judgment entry establishing that Appellee was the father. The court set a visitation schedule and referred the matter of child support to the HCCSEA for a recommendation. The child support question was then heard by the magistrate on January 26, 2011. Although the parties had been represented by counsel prior to this date, they both chose to appear without counsel at the child support hearing. The magistrate subsequently ordered Appellee to pay child support of $494.25 per month starting on the date of the hearing, and also awarded him the tax exemption for the child. The magistrate's decision was filed on February 11, 2011.

{¶5} Appellant filed objections to the magistrate's decision on February 16, 2011.

**{¶6}** On March 16, 2011, the court overruled the objections on the grounds that Appellant had not filed a transcript of the magistrate's hearing.

**{¶7}** On March 24, 2011, Appellant filed a motion for reconsideration of the March 16, 2011 judgment entry. The trial court overruled the motion on April 7, 2011. This appeal was then filed on April 14, 2011. Although a motion for reconsideration of a valid final judgment from a court of common pleas is a nullity in Ohio and does not extend the time for filing an appeal, the record indicates that Appellant filed her appeal within 30 days of the original March 16, 2011, judgment entry, and thus, the appeal may be heard. *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 381, 423 N.E.2d 1105 (1981). No Appellee's brief has been filed.

**{¶8}** In her filings before us, Appellant has not specifically delineated an assignment of error on appeal. She has argued, however, the following as her issue on review:

The Court erred in not issuing a retroactive order of child support.

**{¶9}** Trial courts enjoy considerable discretion on child support issues. The standard used to review child support orders is abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). A trial court's discretion in child support decisions will not be reversed absent an abuse of discretion, i.e., the decision is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). The standard of review of a trial court's decision whether or not to adopt a magistrate's decision in a parentage action is also abuse of discretion. *Knapp v. Bayless*, 9th Dist. No. 05CA008796, 2006-Ohio-4414, ¶22.

{¶10} Appellant contends that she did not need to file a transcript of the magistrate's hearing in order to properly object to the decision. She states, without providing any legal precedent, that a court is required to award retroactive child support in a parentage case if requested by the parties. This statement is not correct. A parentage action is filed pursuant to R.C. Chapter 3111. R.C. 3111.13(F)(2) provides:

(2) When a court determines whether to require a parent to pay an amount for that parent's failure to support a child prior to the date the court issues an order requiring that parent to pay an amount for the current support of that child, it shall consider all relevant factors, including, but not limited to, any monetary contribution either parent of the child made to the support of the child prior to the court issuing the order requiring the parent to pay an amount for the current support of the child.

{¶11} Thus, under R.C. 3111.13(F), a trial court may or may not, after considering all relevant factors, provide for retroactive child support. *Nwabara v. Willacy*, 135 Ohio App.3d 120, 138, 733 N.E.2d 267 (8th Dist.1999). The court may choose to award child support from the date of the child's birth, the date of the motion requesting child support, the date of the child support hearing, or any other appropriate date. *See, e.g.*, *Beach v. Poole*, 111 Ohio App.3d 710, 712, 676 N.E.2d 1254 (5th Dist.1996) (trial court may, but is not required, to order retroactive child support to the date of the child's birth); *Murphy v. Murphy*, 13 Ohio App.3d 388, 389,

469 N.E.2d 564 (10th Dist.1984) (trial court has discretion to order retroactive child support from the date of motion to increase support); *Shonebarger v. Nelson*, 12th Dist. No. CA2011-04-032, 2012-Ohio-315 (trial court has discretion to order retroactive child support from date of child's birth, date the parentage action was filed, or another date based on the facts and circumstances of the case).  The decision whether or not to order retroactive child support obviously involves weighing the evidence presented to the court.  *See, e.g.*, *Walk v. Bryant*, 4th Dist. No. 03CA7, 2004-Ohio-1295; *In re Evans*, 10th Dist. No. 01AP-1328, 2002-Ohio-3555.  Unless the award for retroactive child support is "prayed for and proved," there is no reason to make such an award.  *Baugh v. Carver*, 3 Ohio App.3d 139, 141, 444 N.E.2d 58 (1981).

**{¶12}** In this case, the evidence regarding child support was presented to a magistrate.  A magistrate's decision is reviewed by the trial judge, who may adopt the decision, modify it, or reject it altogether.  Juv.R. 40(D)(4).  In order to preserve any errors made by a magistrate, a party must file objections to the magistrate's decision.  Juv.R. 40(D)(3)(b).  If a party is objecting to factual matters determined by the magistrate, the party must file a transcript of the magistrate's hearing to support the objections.  Juv.R. 40(D)(3)(b)(iii) states:

> (iii) *Objection to magistrate's factual finding; transcript or affidavit.*  An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a

transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.

**{¶13}** Failure to file a transcript constitutes a waiver of any error on appeal, except for plain error, relating to factual issues determined by the magistrate. Juv.R. 40(D)(3)(b)(iv); see also, *In re M.W.*, 7th Dist. No. 07 BE 40, 2008-Ohio-4525, ¶13; *In re Z.A.P.*, 177 Ohio App.3d 217, 2008-Ohio-3701, 894 N.E.2d 342, ¶22 (4th Dist.). Plain error exists when three conditions are met: (1) there is an error that can be identified as a deviation from a legal norm; (2) the error is obvious; and (3) the error affected the outcome of the proceedings. *In re A.M.*, 4th Dist. No. 09CA07, 2009-Ohio-7066, at ¶8, fn. 3, citing *In re J.F.*, 178 Ohio App.3d 702, 2008-Ohio-4325, 900 N.E.2d 204, at ¶84 (2d Dist.). However, even if an appellate court finds plain error, it is not required to correct the error. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), at syllabus.

**{¶14}** Appellant needed to provide a transcript of the magistrate's hearing in order for the trial court to review the factual basis for the magistrate's failure to award retroactive child support. Without that transcript, the trial court had no factual basis for modifying or rejecting the magistrate's evidentiary decision on this point. Therefore, the trial court acted within its discretion to overrule Appellant's objections

based on the failure to file a transcript of the magistrate's hearing. Appellant has not cited to anything in the record or any other legal argument that compels the trial court to order retroactive child support. Thus, Appellant has waived the matter for review and no plain error is indicated by the record. For these reasons, the judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.