[Cite as *Soukup v. Kirchner*, 2013-Ohio-2818.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| GREGORY CHARLES SOUKUP, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-G-3095** |
| TINA D. KIRCHNER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 11 CU 000176.

Judgment: Affirmed.

*Gary S. Okin* and *Laurie A. Koerner*, Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, OH 44077 (For Plaintiff-Appellee).

*Jeffrey H. Black* and *Christine M. Tibaldi*, 38109 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellant).

*Susan K. Jankite*, Susan Jankite Co., L.P.A., 1253 Arlington Road, Lakewood, OH 44107 (Guardian ad litem).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Tina D. Kirchner, appeals the judgment of the Geauga County Court of Common Pleas, Juvenile Division, denying her Civ.R. 60(B) motion seeking relief from the court's child support order. In her merit brief, appellant additionally asserts assignments of error based upon the underlying child support order, though this order was never designated in nor attached to her otherwise timely notice of appeal.

The issues on this appeal are whether this court has jurisdiction to consider assignments of error arising from an entry or order not designated in a timely notice of appeal, and if so, whether the court erred in establishing the commencement date and amount of its child support order. We must also decide whether the trial court abused its discretion in denying appellant's Civ.R. 60(B) motion.

{¶2} Appellant and appellee, Gregory Charles Soukup, began a relationship, though never married. Twins were born as issue of this relationship on November 4, 2004. This case commenced on September 17, 2007, in the Lake County Court of Common Pleas, Juvenile Division, when appellee filed a complaint to establish parental rights. Appellant filed an answer and counterclaim seeking, inter alia, permanent and temporary child support. The case was transferred to Geauga County on April 27, 2011. The record on appeal before this court begins on April 27, 2011, with an order setting pretrial.

{¶3} After numerous delays and a hearing on parental rights and child support, the trial court made numerous determinations which are now the subject of this appeal. First, the trial court determined that appellee was to pay child support, commencing on May 22, 2012—the date the motion for child support was filed. The trial court further found that appellee had paid $5,700 a month to appellant directly for child support since January 2008. Immediately following the trial court's child support order, appellant filed a Civ.R. 60(B) motion, arguing, in part, that the trial court utilized the wrong commencement date.

{¶4} Appellant sets forth three assignments of error, which, as they are interrelated, will be addressed together. They state:

2

{¶5} [1.] The trial court committed prejudicial error and abused its discretion when it chose a date other than the date on which the first motion for child support was filed to begin a child support order to be paid by obligor to obligee.

{¶6} [2.] The trial court committed prejudicial error when it denied Defendant's (Appellant's) Motion for Relief under Civ.R. 60(B), where Appellant had a meritorious claim; namely that the child support date should have been the date of the first filing or request for child support. The Appellant is entitled to relief under one of the grounds in Civ.R. 60(B), namely mistake, inadvertence, surprise or excusable neglect and Appellant filed her Motion within a reasonable time, namely about 12 days after final judgment.

{¶7} [3.] The trial court committed prejudicial error in crediting Appellee/Father as giving paid child support to Appellant/Mother instead of deeming the monies a gift as Ohio's statutes and case law mandate since the monies were not paid through Child Support Enforcement Agency.

{¶8} In her first assignment of error, appellant contends the trial court erred in designating May 22, 2012, as the commencement date of the child support order. Appellant argues the commencement date should be October 18, 2007, the alleged date a temporary support motion was filed, but never ruled on. In her third assignment of error, appellant argues that appellee's monthly payments of $5,700 starting in January 2008 were merely gifts. These assigned errors challenge the June 29, 2012

3

"[j]udgment entry to establish permanent child support order and health care orders" (the "Child Support Order").

{¶9} In her second assignment of error, appellant argues the trial court erred in failing to grant relief from the Child Support Order. Thus, the essence of appellant's argument remains unchanged: she again argues the trial court made a mistake in designating May 22, 2012, as the commencement date of the Child Support Order; this assignment merely couches the alleged error in terms of the trial court's failure to grant her Civ.R. 60(B) motion for relief from that judgment. Thus, this assigned error challenges the July 25, 2012 denial of Civ.R. 60(B) relief from the Child Support Order.

{¶10} Initially, we are faced with an interesting jurisdictional quandary: appellant's notice of appeal—filed July 27, 2012—timely appeals the Civ.R. 60(B) judgment entry seeking relief from the Child Support Order, but fails to designate the underlying Child Support Order, even though an appeal from that order would have also been timely. Appellant's notice of appeal specifically designates two entries: the trial court's June 29, 2012 "[j]udgment entry including final shared parenting decree" (the "Parental Rights Order")—which is not now challenged by any assigned error—and the trial court's July 25, 2012 ruling on appellant's Civ.R. 60(B) motion.

{¶11} The Child Support Order from which the Civ.R. 60(B) motion sought relief was neither designated in nor attached to the notice of appeal. Appellant nonetheless designates the trial court's alleged error from its initial Child Support Order as the basis for her first and third assigned errors. App.R. 3(D) requires that the notice of appeal "*shall designate* the judgment, order or part thereof appealed from[.]" (Emphasis added.) The purpose of a notice of appeal is to apprise the opposite party of the taking

4

of the appeal. *Maritime Manufacturers, Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257 (1982).

**{¶12}** A defect in a timely filed notice of appeal may result in sua sponte dismissal, but is not a jurisdictional deficiency. The Ohio Supreme Court has held that, pursuant to App.R. 3(A), "the only jurisdictional requirement for a valid appeal is the timely filing of a notice of appeal." *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995), syllabus. "When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion." *Id.*

**{¶13}** In *Eckmeyer v. Kent City School Dist. Bd. of Educ.*, 11th Dist. No. 99-P-0117, 2000 Ohio App. LEXIS 5123 (Nov. 3, 2000), this court was faced with a variation on a similar issue to the case sub judice. In *Eckmeyer*, the appellants failed to attach two judgment entries to their notice of appeal, though they nonetheless listed the trial court's purported errors from the entries on the docketing statement as grounds upon which they intended to appeal. There, relying on *Maritime* and *Transamerica*, *supra*, we concluded the appellee was well aware of the targeted issues such that the notice served its intended purpose, and even though the entries were not attached, the substance of the appeal was still evident from the notice. We therefore considered the merits of the matter.

**{¶14}** *Maritime*, *supra*, is also analogous to the case sub judice. There, the notice of appeal mistakenly specified the appeal was taken from the order denying the motion for a new trial, rather than from the final judgment entered on the merits. The

5

Court, cognizant of the purpose of the notice of appeal, noted the case should have been decided on its merits. In so doing, the Court pointed out that it had "consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of the notice of appeal is challenged solely on technical, procedural grounds." *Id.*

{¶15} We are aware that *Maritime* has been distinguished numerous times. For instance, in *Meluch v. O'Brien*, 8th Dist. Nos. 89008 and 89626, 2007-Ohio-6633, ¶12, relied upon by appellee, the Eighth District distinguished *Maritime* on the grounds that "[i]n *Maritime* the order denying the motion for a new trial was in fact connected to the final judgment which was entered on the merits at trial. In the instant case, the order enforcing settlement was clearly independent of the trial court's granting of summary judgment on O'Brien's counterclaims." *Id.* at ¶12. However, such a distinguishing factor is not present in this case: the Civ.R. 60(B) judgment entry designated in appellant's notice of appeal is obviously related to the underlying order from which the Civ.R. 60(B) motion sought relief.

{¶16} Further, although neither of appellant's accepted notices of appeal comply in a technical sense with App.R. 3(D), it is evident appellee was on notice of the intended issues which were to be raised on appeal. First, just as in *Eckmeyer*, *supra*, the issue of "child support" is expressly listed on the docketing statement attached to the initial timely notice of appeal. Second, the Child Support Order is expressly designated in the second amended notice of appeal. Third, even if there was some misunderstanding, the Civ.R. 60(B) judgment entry, which was always properly designated in and attached to the notice of appeal, addresses the same issues that

6

appellant attacks in the underlying order.  These considerations are viewed in conjunction with appellant's App.R. 9 statement—filed months before her merit brief—which contained an enumerated list of the anticipated assignments of error that did, in fact, subsequently appear in her merit brief without substantive revision.  Given these four unique circumstances, we determine appellee was indeed apprised of the content of the appeal.  It is also worth noting appellee has fully briefed the issues on the merits.

{¶17}  As a parenthetical note, this case is distinguishable from prior precedent.  In *Anderson v. Wojtasik*, 11th Dist. No. 2011-G-3039, 2012-Ohio-2119, ¶15, this court dismissed an assignment of error premised on a judgment entry that was not attached to nor designated in a notice of appeal.  However, the appellant in *Anderson* attempted to appeal a judgment entry that was issued *after* he had already filed a notice of appeal from another judgment entry.  *Id.*  Thus, the only notice of appeal before this court did not designate the later judgment entry because, quite simply, it had yet to exist.  The appellant did not file a new notice of appeal from the later entry nor did he alternatively attempt to amend the prior notice to include the subsequent entry.  *Id.*  We dismissed the assignment of error, in part, for this reason.  *Id.*  Indeed, in such a situation, the appellee was unaware the appellant sought to challenge this later entry until she received his merit brief—the very circumstance App.R. 3(D) attempts to prevent.

{¶18}  Turning, then, to the merits of this case, appellant first argues the trial court should have applied the commencement date of the child support retroactively to October 18, 2007—the alleged date a temporary support request was filed, but never ruled on.  Instead, the trial court used the effective date of May 22, 2012—the date a motion for child support was filed.  We note that the original "request" was contained in

7

appellant's answer and counterclaim for allocation of parental rights and responsibilities and is not before this court, as our record begins on April 27, 2011, following the transfer from Lake County. A copy of the answer and counterclaim, however, is attached as an exhibit to appellant's Civ.R. 60(B) motion.

{¶19} An appellate court reviews decisions involving child support under an abuse of discretion standard. *Sullivan v. O'Connor*, 167 Ohio App.3d 458, 2006-Ohio-3206 (11th Dist.); *Booth v. Booth*, 44 Ohio St.3d 142 (1989). "In order to find error under an abuse of discretion standard, the reviewing court must find that there '* * * is no sound reasoning process that would support that decision.'" *Sullivan*, ¶12, quoting *AAAA Enters., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157,161 (1990). "'It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process persuasive.'" *Id*.

{¶20} "Pursuant to Section 3111.13(C), a judgment may include 'any other provision directed against the appropriate party to the proceeding, concerning the duty of support * * *.' It has been concluded that Section 3111.13(C) is broad enough to allow a child support award to be made retroactive to the date of birth of the child." *Nwabara v. Willacy*, 135 Ohio App. 3d 120, 138 (8th Dist.1999). "When awarding child support under R.C. 3111.13, a trial court may establish not only a current support amount, but may also award retroactive child support." *Walk v. Bryant*, 4th Dist. No. 03CA7, 2004-Ohio-1295, ¶9.

{¶21} Contrary to the assertions of appellant, however, the decision of whether to establish retroactive support is entrusted to the trial court's discretion. "*In deciding whether to award retroactive child support*, the court must 'consider all relevant factors,

8

including, but not limited to, any monetary contributions either parent of the child made to the support of the child prior to the court * * * order * * * for * * * current support * * * (.)'" *Id.*, quoting R.C. 3111.13(F)(2). In other words, "[u]nder R.C. 3111.13(F), a trial court may or may not, after considering all relevant factors, provide for retroactive child support." *White v. Davia*, 7th Dist. No. 11 HA 4, 2012-Ohio-2820, ¶11. "The court may choose to award child support from the date of the child's birth, the date of the motion requesting child support, the date of the child support hearing, or any other appropriate date." *Id.*

{¶22} Here, there is no indication appellant ever sought a retroactive support order. The original request, contained in the answer and counterclaim, merely states that a determination of temporary and parent support should be established. The support motion, filed May 22, 2012, does not request retroactive support payments. "Unless the award for retroactive child support is 'prayed for and proved,' there is no reason to make such an award." *Id.*, quoting *Baugh v. Carver*, 3 Ohio App.3d 139, 141 (1st Dist.1981).

{¶23} Further, the trial court found appellee provided $5,700 a month in support since January 2008 without an order to do so. "Demonstrating that a father voluntarily provided support prior to a child support order, and that the child's financial needs were met during that pre-order period, can be sufficient evidence to relieve a father of retroactive child support." *In re Evans*, 10th Dist. No. 01AP-1328, 2002-Ohio-3555, ¶16. Appellant does not dispute the $5,700 monthly figure. And, as noted in *In re P.J.H.*, 2d Dist. No 2011 CA 15, 2011-Ohio-5970, which appellant herself relies upon, the danger of refusing to issue retroactive support may produce an inequitable result in

9

view of the substantial time it frequently takes a trial court to dispose of child-support issues. *Id.* at ¶12. Here, however, as the uncontroverted evidence illustrates monthly payments of $5,700, the above-referenced danger has been alleviated.

{¶24} Though appellant does not dispute the $5,700 payments, she argues the payments were in fact gifts, pursuant to R.C. 3121.44 and R.C. 3121.45. However, appellant's interpretation of these statutes is contrary to their plain and express language and intent.

{¶25} R.C. 3121.44 states:

{¶26} On issuing or modifying a support order, issuing any withholding or deduction notice described in section 3121.03 of the Revised Code, or issuing an order described in division (C) or (D) of that section, the court or child support enforcement agency shall require that support payments be made to the office of child support in the department of job and family services as trustee for remittance to the person entitled to receive payments, except as otherwise provided in sections 2151.49, 3113.07, and 3125.27 to 3125.30 of the Revised Code.

{¶27} R.C. 3121.45 states:

{¶28} Any payment of money by the person responsible for the support payments under a support order to the person entitled to receive the support payments that is not made to the office of child support, or to the child support enforcement agency administering the support order under sections 3125.27 to 3125.30 of the Revised

10

Code, shall not be considered a payment of support under the support order and, unless the payment is made to discharge an obligation other than support, shall be deemed to be a gift.

{¶29} It is clear, given the language, that support payments *under a support order* not made directly through the office of child support are to be deemed gifts. Here, however, there was no support order issued by the court until May 22, 2012—which then served as the commencement date for the court-ordered support payments.

{¶30} Therefore, the trial court did not abuse its discretion in making its child support determinations.

{¶31} Turning to appellant's remaining assignment of error, appellant argues the trial court erred in failing to grant relief from the Child Support Order. As noted above, the essence of appellant's argument remains unchanged: she again argues the trial court made a mistake in designating May 22, 2012, as the commencement date of the Child Support Order. However, a Civ.R. 60(B) motion is not a substitute for a direct appeal. Rather, "the availability of Civ.R. 60(B) relief is generally limited to issues that cannot properly be raised on appeal." *Haas v. Bauer*, 156 Ohio App.3d 26, 2004-Ohio-437, ¶25 (9th Dist.); *State ex rel. Dewine v. Helms*, 9th Dist. No. 26472, 2013-Ohio-359, ¶10. Here, the matters addressed in this motion were already disposed of on direct appeal by way of the above-framed discussion.

{¶32} Moreover, appellant's reliance on *Elkins v. Elkins*, 11th Dist. No. 2011-T-0033, 2012-Ohio-1461, is misplaced. Appellant cites *Elkins* to demonstrate that this court previously reversed and remanded a case where the trial court used an incorrect valuation date. However, missing from appellant's analysis is the fact that both parties

11

in *Elkins* had stipulated to the valuation date and the trial court erroneously used a date contrary to the parties' express agreement. *Id.* at ¶24.

{¶33} Appellant's first, second, and third assignments of error are without merit.

{¶34} The judgment of the Geauga County Court of Common Pleas, Juvenile Division, is affirmed.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.