[Cite as *Chorba v. Nevins*, 2015-Ohio-3304.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL A. CHORBA, | : | **O P I N I O N** |
| Petitioner-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-G-0004** |
| MEGHAN P. NEVINS, | : | |
| Respondent-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 14 CU 000190.

Judgment: Reversed and remanded.

*Victoria N. Smith,* Victoria Nagy Smith & Co. L.P.A., P.O. Box 141, 10808 Kinsman Road, Newbury, OH 44065 (For Petitioner-Appellee).

*Dennis J. Ibold,* Petersen & Ibold, Inc., 401 South Street, Bldg. 1-A, Chardon, OH 44024 (For Respondent-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Meghan P. Nevins, appeals from the December 23, 2014 judgment of the Geauga County Court of Common Pleas, Juvenile Division, denying her request for retroactive child support and granting appellee, Michael A. Chorba, a $400 credit to be applied against any arrearage. On appeal, Ms. Nevins asserts the trial court erred in failing to award child support for the seven-month period prior to the September 1, 2013 Trumbull County Child Support Enforcement Agency Administrative Order. In

addition, Ms. Nevins contends the trial court erred in awarding Mr. Chorba the $400 credit. For the reasons stated, we reverse and remand.

**{¶2}** Ms. Nevins and Mr. Chorba are the natural parents of M.E.T.C. ("minor child"), d.o.b. March 1, 2012. Ms. Nevins and Mr. Chorba never married. The parties separated on February 1, 2013. From the date of the separation through August 31, 2013, Ms. Nevins provided support for the minor child. On September 1, 2013, the Administrative Order went into effect which required Mr. Chorba to pay $540.60 per month in child support.

**{¶3}** On May 12, 2014, Mr. Chorba filed a "Complaint to Establish Parent Child Relationship and Allocation of Parental Rights and Responsibilities." Mr. Chorba sought custody of the minor child, or in the alternative, for shared parenting. Ms. Nevins filed an answer to the complaint. Ms. Nevins requested to be designated as the residential and legal custodial parent of the minor child. She further requested that the court enter a parenting time schedule and that child support be recomputed. The juvenile court appointed a guardian ad litem for the minor child.

**{¶4}** On September 22, 2014, Ms. Nevins filed a proposed shared parenting plan, followed by a revised plan the next month. Mr. Chorba did not submit a proposed shared parenting plan. On October 29, 2014, the juvenile court adopted Ms. Nevins' visitation schedule filed with the court and set the matter for a hearing. Thereafter, on November 13, 2014, Ms. Nevins filed a "Motion for Child Support Prior to September 1, 2013."

{¶5} A final hearing occurred on December 10, 2014. The parties agreed on shared parenting. No testimony was provided at the hearing. Rather, both parties stipulated to various facts and exhibits. Specifically, both parties stipulated that the Administrative Order went into effect on September 1, 2013 and that the time period for "back child support" was from February 1, 2013 through August 31, 2013. The parties also stipulated that there should be no downward deviation for that time period.

{¶6} On December 23, 2014, the juvenile court referenced the stipulations, ordered the parties to exercise shared parenting, denied Ms. Nevins' request for retroactive child support for the period of February 1, 2013 through August 31, 2013, and ordered Mr. Chorba to pay all child support arrears which included him receiving a $400 credit. Ms. Nevins filed a timely appeal and asserts the following two assignments of error for our review:

{¶7} "[1.] As a matter of law, the trial court erred in failing to award child support for the period of February 1, 2013 through August 31, 2013.

{¶8} "[2.] The trial court erred in awarding Plaintiff-Appellee a $400 credit to be applied against any child support arrearage because it is contrary to the evidence."

{¶9} In her first assignment of error, Ms. Nevins argues the juvenile court failed to award child support from February 1, 2013 through August 31, 2013.

{¶10} Initially, we note that Mr. Chorba did not file a brief. As a result, this court may accept Ms. Nevins' statement of the facts and issues as correct and reverse the trial court's judgment if Ms. Nevins' brief reasonably appears to sustain such action. *See* App.R. 18(C).

**{¶11}** "An appellate court reviews decisions involving child support under an abuse of discretion standard." *Soukup v. Kirchner*, 11th Dist. Geauga No. 2012-G-3095, 2013-Ohio-2818, ¶19, citing *Sullivan v. O'Connor*, 167 Ohio App.3d 458, 2006-Ohio-3206 (11th Dist.); *Booth v. Booth*, 44 Ohio St.3d 142 (1989). The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

**{¶12}** "'When awarding child support under R.C. 3111.13, a trial court may establish not only a current support amount, but may also award retroactive child support.'" *Soukup, supra,* at ¶20, quoting *Walk v. Bryant*, 4th Dist. Lawrence No. 03CA7, 2004-Ohio-1295, ¶9.

**{¶13}** "The decision of whether to establish retroactive support is entrusted to the trial court's discretion. '*In deciding whether to award retroactive child support*, the court must "consider all relevant factors, including, but not limited to, any monetary contributions either parent of the child made to the support of the child prior to the court (* * *) order (* * *) for (* * *) current support (* * *) (.)"' *Id.*, quoting R.C. 3111.13(F)(2). In other words, '(u)nder R.C. 3111.13(F), a trial court may or may not, after considering all relevant factors, provide for retroactive child support.' *White v. Davia*, 7th Dist. No. 11 HA 4, 2012-Ohio-2820, ¶11. 'The court may choose to award child support from the

4

date of the child's birth, the date of the motion requesting child support, the date of the child support hearing, or any other appropriate date.' *Id.*" *Soukup, supra,* at ¶21.

**{¶14}** In this matter, the juvenile court addressed Ms. Nevins' request for retroactive child support in its December 23, 2014 judgment as follows:

**{¶15}** "Defendant's request for child support for the period prior to September 1, 2013 is denied. The Trumbull County CSED Administrative Order was issued prior to this Judgment Entry and post that time period."

**{¶16}** Although it is within the trial court's discretion to deny a motion for retroactive child support, we disagree with the foregoing reason provided by the court in this case. *Soukup, supra,* at ¶21. The September 1, 2013 Administrative Order does not automatically preclude Ms. Nevins' request for retroactive child support. *See Nicely v. Kline*, 10th Dist. Franklin No. 05AP-825, 2006-Ohio-951, ¶33. Following the filing of Mr. Chorba's complaint, Ms. Nevins properly petitioned the juvenile court by filing a motion on November 13, 2014 requesting an award of retroactive child support for the seven-month time period prior to September 1, 2013, i.e., from February 1, 2013 (the date the parties separated) through August 31, 2013 (the day before the administrative order went into effect). *See Stacey L. S. v. Leonardo A.,* 6th Dist. Erie No. E-00-053, 2001 Ohio App. LEXIS 2137, *8 (May 11, 2001).

**{¶17}** In addition, this court accepts Ms. Nevins' facts and issues as correct. *See* App.R. 18(C). Upon review of the record and facts presented, the juvenile court failed to consider the monetary contributions made by Ms. Nevins to support the minor child during that seven-month period, prior to the Administrative Order taking effect. *Soukup, supra,* at ¶21; R.C. 3111.13(F)(2). Also, the court failed to abide by the parties'

stipulations. It constitutes reversible error for a trial court to go against stipulations and agreements made between parties which are contained in the record. *See Moss v. Hall*, 8th Dist. Cuyahoga No. 91431, 2008-Ohio-4456, ¶14-17; *Siebert v. Tavarez*, 8th Dist. Cuyahoga No. 88310, 2007-Ohio-2643, fn.1 (parties are bound by their stipulations.)

**{¶18}** As stated, the parties separated on February 1, 2013. Ms. Nevins was the primary provider of support for the minor child before the September 1, 2013 Administrative Order went into effect. At the final hearing, both parties stipulated that the time period for "back child support" was from February 1, 2013 through August 31, 2013. The parties also stipulated that there should be no downward deviation for that time period. In addition, the parties submitted and stipulated their earnings statements, medical bill receipts for the minor child, health insurance and child care costs, and child support computation worksheets.

**{¶19}** Based on the facts presented in this case, Ms. Nevins offered substantial evidence to show she is entitled to an award of retroactive child support for the seven-month period prior to the September 1, 2013 Administrative Order. Thus, we find the juvenile court erred in failing to award retroactive child support for the period of February 1, 2013 through August 31, 2013.

**{¶20}** Ms. Nevins' first assignment of error is with merit.

**{¶21}** In her second assignment of error, Ms. Nevins contends the juvenile court erred in awarding Mr. Chorba a $400 credit to be applied against any child support arrearage, alleging it is contrary to the evidence.

6

{¶22} In light of our determination regarding Ms. Nevins' first assignment of error, her second assignment of error is rendered moot. *See* App.R. 12(A)(1)(c).

{¶23} For the foregoing reasons, appellant's first assignment of error is well-taken and her second assignment of error is moot. The judgment of the Geauga County Court of Common Pleas, Juvenile Division, is reversed and the matter is remanded for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.